**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| MICHAEL PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00045-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| U.S. ATTORNEY GENERAL WILLIAM P. | ) | |
| BARR, STATE OF INDIANA, and INDIANA | ) | |
| ATTORNEY GENERAL CURTIS HILL, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,**
**SCREENING AND ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiff Michael Pierce's ("Pierce") Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 2). Because he is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

### A. Filing Fee

Pierce's motion for leave to proceed *in forma pauperis*, without prepaying fees or costs (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre-*payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Pierce's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt

does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## B. Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## C. The Complaint

In this civil action, *pro se* plaintiff Pierce asserts general grievances against the defendants—United States of America, U.S. Attorney General William P. Barr, State of Indiana, and Indiana Attorney General Curtis Hill—concerning various federal, state, and international laws and treaties regarding chronic pain, pain management, and health privacy. In seeking relief,

Pierce asks this Court to "end abuses by the Federal and State governments and respective agencies, to the Constitution and Bill of Rights and the laws of the United States of America." (Filing No. 1 at 1.) Pierce requests that "all Americans be allowed to join this litigation . . . . This request is essential considering the multitude of innocent Americans suffering from these archaic policies and everyone deserves the opportunity to redress grievances against the government." *Id.* at 19.

For his Complaint, Pierce cites to numerous constitutional amendments, federal statutes, and case law. He also provides historical context to various statutes while generally discussing chronic pain, pain management, and the government's involvement in regulating prescription drugs and health care.

## D. **Dismissal of Complaint**

It does not appear that this Court has jurisdiction to adjudicate the general grievances that Pierce has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"From Article III's limitation of the judicial power to resolving 'Cases' and 'Controversies,' and the separation-of-powers principles underlying that limitation, [the Supreme Court] ha[s] deduced a set of requirements that together make up the 'irreducible constitutional minimum of standing.'" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004) (citation and quotation marks omitted). Where a "plaintiff lacks standing to bring suit against the defendant, [] the federal court lacks subject-matter jurisdiction to adjudicate the matter." *Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 719 F.3d 601, 602 (7th Cir. 2013).

Under the case and controversy requirement for standing, a plaintiff must show: (1) an "injury in fact" that is both "(a) concrete and particularized," and "(b) actual or imminent, not 'conjectural' or 'hypothetical;'" (2) "a causal connection between the injury and the conduct complained of," that is, "the injury has to be fairly traceable to the challenged action of the defendant;" and (3) it is likely that a favorable decision will redress the injury. *Lujan*, 504 U.S. at 560–61. "A generally available grievance about government—claiming only harm to . . . every citizen's interest in proper application of the Constitution and laws is not considered an injury for standing purposes." *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 819 (7th Cir. 2014) (internal citation and quotation marks omitted); *see also Lujan*, 504 U.S. 555, 573–74 ("a plaintiff raising only a generally available grievance about government -- claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . -- does not state an Article III case or controversy"). It appears that Pierce's Complaint has presented only generally

available grievances about government. Accordingly, the Complaint is subject to dismissal for lack of subject-matter jurisdiction because of lack of standing.

**E. Opportunity to Show Cause**

Pierce shall have through **Friday, April 5, 2019**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Pierce elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Pierce claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

## II. CONCLUSION

For the reasons stated above, Pierce's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 2) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of standing and lack of subject-matter jurisdiction.

Plaintiff is granted leave to file an amended complaint by no later than **Friday, April 5, 2019**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

      **SO ORDERED.**

Date:   3/18/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Pierce
5707 Bethany Road
Charlestown, IN 47111